IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLARD WESLEY WINTERS, JR., et al.,

      Plaintiffs,

vs.                                                                Civ. No. 96-1604 RLP/WWD

TRANSAMERICA INSURANCE COMPANY,
a foreign insurance corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Plaintiffs' Motion for Order Compelling Discovery filed May 31, 2000 (Docket #86). Plaintiffs seek an Order compelling Defendant to give full and complete responses to interrogatories 3, 4, 5, 6, 7, and 8; to produce the documents sought in requests for production #2; and to explicate its denials of requests for admissions 1 through 5. After reading the submissions of counsel, I find that the responses to interrogatories 3, 4, 5, 6, 7, and 8 are insufficient, and the "objections" to those interrogatories are overruled. Full and complete answers to interrogatories 3, 4, 5, 6, 7, and 8 should be served by Defendant on Plaintiffs on or before June 26, 2000. Plaintiffs have withdrawn their motion to compel with respect to request for production #2.

Defendant denies requests for admissions 1 through 5.

Request for admissions #1 reads:

> The summary of fees and costs incurred by the Winters in the HUD suit and bankruptcy case, attached hereto as Exhibit A, is a genuine and accurate summary as of November 17, 1999.

Defendant objects that the request is "vague" and also questions the use of the word "genuine" when referring to a summary prepared by an expert witness. These objections are not well taken and are overruled. Defendant properly questions the use of estimated costs for which proof of payment has not been provided. Except for the "estimated costs," request for admissions #1 is deemed admitted by Defendant.

Defendant answers both request for admissions #2 and #3 as follows:

Deny. No documentation from the bankruptcy court in the way of pleading, order, or other satisfaction of judgment has been provided to this defendant in support of Exhibit A.

The response implies that the documents which would support the items listed in the summaries referred to in requests for admissions #2 and #3 are contained in the files of the bankruptcy court. Assuming that this is true, it does not seem unreasonable to require Plaintiffs to supply this underlying documentation to Defendant in order to corroborate the entries on the summary in question before Defendant must "admit" the request for admissions. To require the Defendant to go through the files of the bankruptcy court repeating the work presumably done by Plaintiffs in the preparation of the summary is a needless duplication of effort. I find Defendant's denial of requests for admissions #2 and #3 is valid in the circumstances here presented. The same rationale may also support Defendant's denial of requests for admissions #4 and #5; however, I do not determine that question at this time. If Plaintiff at the time of the pre-trial conference in this matter, seeks stipulations regarding causation and reasonableness of the items in the summary of fees and costs, it would be appropriate to revisit the instant motion with a view to imposing appropriate sanctions against Defendant under Fed. R. Civ. P. 37(a)(4) if it appears then or at trial that Defendant's denial is not justified.

Discovery shall proceed in accordance with the foregoing.

**IT IS SO ORDERED.**

/s/ William B. Deaton
**UNITED STATES MAGISTRATE JUDGE**